UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| GREGORY CHARLES COLE, | ) | Civil Action No. 5:20-cv-02116-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 32. Plaintiff brought this action seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On February 14, 2022, the court issued an order remanding this case for further administrative action pursuant to 42 U.S.C. § 405(g). ECF No. 26. In a May 16, 2022 Order, the court approved an award of fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $9,000.00, which was stipulated to by the parties. ECF No. 31.

On August 15, 2022, Plaintiff filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). ECF No. 32. Within this Motion, Plaintiff asserts that on remand from this court, Plaintiff was awarded at least $44,172.00 in past due benefits.[1] ECF No. 32. Plaintiff's counsel attached Plaintiff's Fee Agreement, as well as his services and hours summary for the § 406(b) Motion. ECF No. 32-2; 32-3. Plaintiff requests approval of a fee in the amount of $2,043.00, which equals 25% of the amount of past-due benefits ($11,043.00) less the amount previously paid to Plaintiff

---

[1] Plaintiff attached the Notice of Award to support this sum. *See* ECF No. 32-1 at 2.

pursuant to the EAJA ($9,000.00). Fees may be awarded under both EAJA and § 406(b), but a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhardt,* 535 U.S. 789, 797 (2002). The Commissioner filed a response indicating the Commissioner neither supports nor opposes the request. ECF No. 36.

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness when the agreed-upon fee does not exceed the statutory ceiling of 25 percent. Having reviewed the record and the time expended in the judicial proceedings, the undersigned concludes that the amount sought is a reasonable and just fee to be paid to Plaintiff's counsel for his services before the court. *Gisbrecht*, 535 U.S. at 789. It appears from the information provided by counsel that Plaintiff's Fee Agreement included a contingent fee basis of 25% of the award of past-due benefits, which equates to $11,043.00 in fees. As previously stated, Plaintiff requests approval of a fee in the amount of $2,043.00, which equals 25% of the amount of past-due benefits less the amount previously paid to Plaintiff pursuant to EAJA. It does not appear that the Commissioner opposes the amount sought. Therefore, the court hereby

**ORDERS** that the Motion for Attorney's Fees, ECF No. 32, be granted, and the Commissioner shall pay from the Plaintiff's withheld benefits the amount of $2,043.00 to Plaintiff's attorney for his services in this case and certify the amount of the attorney's fees for payment to counsel out of the 25% of past-due benefits to which Plaintiff is entitled. It is

specifically noted that the amount awarded of $2,043.00 represents the sum due Plaintiff's counsel after considering the offset of an amount previously paid to Plaintiff's counsel pursuant to the EAJA in the amount of $9,000.00 in the current action.

    IT IS SO ORDERED.

February 9, 2023  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge